

TRENK · DIPASQUALE
DELLA FERA · SODONO

**Michele M. Dudas**
Partner
Direct: 973-323-8662
mdudas@trenklawfirm.com

347 Mt. Pleasant Avenue, Suite 300
West Orange, New Jersey 07052

P: 973-243-8600
F: 973-243-8677

December 1, 2017

5128-0001

<u>Via ECF</u>
Honorable Christine M. Gravelle, U.S.B.J.
United States Bankruptcy Court
402 East State Street
Trenton, New Jersey 08608

   Re: Arthur Christy
     **Chapter 7 Case No. 17-15332 (CMG)**
     *Hearing Date: December 5, 2017 at 3:00 p.m.*

Dear Judge Gravelle:

  This firm is counsel for Andrea Dobin, the Chapter 7 Trustee ("Trustee") for Arthur Christy, Chapter 7 debtor ("Debtor"). As the Court is aware, the Trustee is also the Plaintiff in an adversary proceeding filed against Eugene Wishnic ("Mr. Wishnic") to sell his interests in real property jointly owned with the Debtor located at 28 Prosper Street, New Brunswick, New Jersey and 65 Bartlett Street, New Brunswick, New Jersey (collectively, the "Property") pursuant to 11 U.S.C. 363(h) ("Adversary Proceeding"). Please accept this Letter Brief in reply to the Opposition filed by Mr. Wishnic to the Trustee's Motion to sell the Property to Rodney Moskowitz ("Buyer") or his designee ("Motion to Sell").

### Background Facts

  As this Court will recall, the Trustee filed the Adversary Proceeding on an expedited basis via Order to Show Cause, which was adjourned and is also returnable at the same date and time as the Motion to Sell. The Trustee specifically incorporates the facts in the Certification filed by the Trustee in support of the request for an Order to Show Cause and in Reply to the Opposition filed by Mr. Wishnic to same.

Honorable Christine M. Gravelle, U.S.B.J.
December 1, 2017
Page 2

## Legal Argument

The Trustee recognizes that even if she is not entitled to the relief requested in the Adversary Proceeding on an expedited basis, she will still be able to demonstrate success on the merits of the Adversary Proceeding. Mr. Wishnic is delaying the inevitable and prejudicing all parties involved by forcing the Estate to incur unnecessary attorneys' fees. He should be compelled to authorize the sale of the Property, which will provide him with all rights and recourse as the co-owner of the Property. Mr. Wishnic's actions are an effort to improperly leverage himself due to the time constraints that the Buyer is faced with. It is the Trustee's position that Mr. Wishnic desires to buy out the Estate's interests at a lower price if he forces the Buyer to withdraw from the transaction. He should not be rewarded for his actions, which are to the detriment of the Estate.

Moreover, the Opposition filed by Mr. Wishnic appears to indicate that the Trustee is somehow depriving Mr. Wishnic of his right of first refusal. At no point did the Trustee ever indicate that Mr. Wishnic would have the right to bid at the highest price obtained for the Property.[1]

Section 363(i) provides, in relevant part:

> (i)   Before ***consummation of a sale*** of property to which subsection (g) or (h) of this section applies, . . ., a co-owner of such property . . . may purchase such property at the price at which such sale is to be consummated.

11 U.S.C. § 363(i) (2017) (emphasis added).

Consistent with the letter and spirit of Section 363 of the Bankruptcy Code, Mr. Wishnic has the ability to purchase the Property in an amount determined to be the highest and best offer received by the Trustee, and not an amount previously discussed as part of settlement discussions before the offer was made by the Buyer. "The Court is indifferent to the identity of the purchaser . . . so long as the sale process remains within the boundaries set by the Bankruptcy Code and the estate receives the highest price possible." *In re Hat*, 310 B.R. 752, 761 (Bankr. E.D. Cal. 2004). As the *Hat* Court recognized, "the high bidder prior to Diamante's first exercise of her Section 363(i) rights may thereafter raise its bid, the process to continue until either the bidder fails to raise its bid or Diamante fails to exercise her Section 363(i) rights. These provisions will ensure the highest price for the estate while preserving Diamante's right to meet, but not exceed, the highest bid." *Id.*

Therefore, the sale process ensures the highest and best price for the Property, and then Mr. Wishnic can be afforded the opportunity to exercise his right of first refusal, at any time up

---

[1] In the Opposition to the Order to Show Cause, Mr. Wishnic appeared to argue that he exercised his right of first refusal prior to the Motion to Sell being filed and that should be the amount the Trustee should be compelled to accept from Mr. Wishnic.

Honorable Christine M. Gravelle, U.S.B.J.
December 1, 2017
Page 3

to the consummation of the sale. Mr. Wishnic cannot circumvent or negotiate the provisions of the Bankruptcy Code so that he is afforded the best outcome. The only parties that the Trustee is a fiduciary for are the creditors of this bankruptcy proceeding.

### Conclusion

Based on the foregoing, it is respectfully requested that the Motion to Sell be granted, and such other and further relief as may be just and equitable.

Very truly yours,

/s/ Michele M. Dudas

Michele M. Dudas

cc:  Robert Zullo, Esq. (via e-mail)
     Joseph H. Lemkin, Esq. (via ECF)
     Andrea Dobin, Chapter 7 Trustee (via ECF)

4823-9106-0823, v. 1